*187
Curia, per

O’Neall, J.
This Court, for the reasons given below, are satisfied with the decision; but as this case was attempted to be distinguished from the cases referred to in the report, on the authority of White vs. McNeely and others, 1 Bay, 11, it may be well enough to show that no such distinction can be allowed.
It is true, we early departed from the English rule, that in a joint action of trespass, the jury cannot sever in their damages. The case of White vs. McNeely, in 1784, ruled, that the jury in such case, might sever and .apportion the damages according to the degree and nature of the offence committed by each defendant. The wisdom of such departure is, I think, very questionable; but it has been in practice ever since conformed to'; and we are now asked to give it a further extension, by abolishing another well settled principle, that in several actions for a joint trespass, a recovery against one defendant, the satisfaction of it, and the payment of the costs in the other cases, will, bar any recovery against the other defendants.
It is supposed that this principle, and the consequences of a recovery in such a case as While vs. McNeely, cannot stand together. For it is asked, if a recovery against one of several joint trespassers, and satisfaction, be a bar to a recovery against the others, why would not the payment of the damages found against any one of the defendants in a joint action, bar the collection of the damages found against the others'? The answer is obvious — in several actions, the law supposes the jury to find against any one, the entire damages sustained by the plaintiff, and therefore, satisfaction in one is satisfaction in all. But in a joint action, when the damages are apportioned, the aggregate of all the damages found, is the damage of the plaintiff; and hence satisfaction by one, of his part, is not satisfaction for all, and of the whole.
The motion is dismissed.
We concur. J. S. Richardson, A. P. Butler, D. L. Wardlaw.