10326

RHAME v. CITY OF SUMTER *ET AL.*

(101 S. E. 832.)

1. TRIAL—REFUSAL TO CONSTRUE VERDICT ON MOTION FOR NEW TRIAL NOT ERROR.—Where a jury was allowed to disperse after returning a verdict for plaintiff and no objection was made to the form of the verdict until a motion for a new trial was made, the Court's refusal to then construe the verdict was not erroneous.

2. TRIAL—VERDICT REQUIRES PAYMENT FROM EACH DEFENDANT SUED JOINTLY AND SEVERALLY.—Where two defendants had been sued jointly and severally, a verdict finding for plaintiff for a certain sum against the first defendant and also finding the same damages against the other defendant requires each defendant to pay the named sum.

3. TRIAL—OBJECTIONS TO FORM OF VERDICT SHOULD BE MADE BEFORE JURY DISPERSES.—A defendant claiming that a verdict should be clarified and reformed should make the request before the jury is discharged.

Before TOWNSEND, J., Sumter, Spring term, 1919. Affirmed.

Action by Annie Rhame, by her guardian *ad litem,* against the City of Sumter and Eugene Forshee. Judgment for plaintiff, and first named defendant appeals.

*Mr. R. D. Epps,* for appellant, submits: *The City and Forshee were not joint wrongdoers, therefore the principle that joint wrongdoers cannot have contribution, the one from the other, does not apply:* 111 S. C. 152. *Forshee is primarily liable, and the city is entitled to indemnity over against Forshee for whatever it has to pay:* 2 Black U. S. 418; 40 L. R. A. (N. S.) 1153; 99 Am. St. Rep. 879. *We almit that in a case of joint trespass, the jury may apportion the verdict under proper allegations, evidence and instructions:* 1 Bay 11; 1 Bay 15; 1 Brevard 503. *Some authorities hold that where the jury attempt to apportion the verdict, simply assessing damages against each defendant, without first finding a general verdict for the plaintiff, the plaintiff can select the best verdict and enter it against all:* 9 Ga.

508, *or he can enter upon the verdict recovered against one
and nolle pros. against the others:* 10 L. R. A. (N. S.) 191.
*Some authorities hold that such a verdict is illegal:* 40 Conn.
520. *We, therefore, contend that the verdict should be
construed as a joint verdict for $425, or, else a new trial
should be granted.*

*Mr. J. H. Clifton,* for respondent, submits: *A verdict in
an action against a municipality and a person causing the
defect or obstruction may, if the evidence justifies it, be for
or against both defendants, or against one, and in favor of
the other:* 28 Cyc. 1526, subd. "d." *The city was responsi-
ble for not keeping the street in proper repair:* 71 S. C. 70;
89 S. C. 520; 108 S. C. 288. *Under the circumstances of
this case, the rule of law is that one of the two joint wrong-
doers cannot have contribution from the other:* 111 S. C.
152; 96 S. E. 703. *No special verdict was asked to be ren-
dered:* Code of Civil Procedure, sec. 322.

January 26, 1920.

The opinion of the Court was delivered by Mr. Justice
Watts.

This was an action for damages for an injury alleged to
be caused to the plaintiff, an infant, by an accident, caused
by automobile, in which her father was driving her and her
mother, running into an open ditch or sewer connection upon
one of the streets of the city of Sumter. The defendant,
Forshee, was a plumber in said city, and had opened the
ditch in question. The case was tried by Judge Townsend,
and a jury, for Sumter county and resulted in a verdict in
favor of the plaintiff in the following form:

"We find for the plaintiff four hundred twenty-five
($425) dollars against the city of Sumter actual damages.
We find for the plaintiff four hundred twenty-five ($425)
dollars against Eugene Forshee actual damages. J. A.
Middleton, Foreman."

The verdict was received without objection, protest, or offer of correction of any motion. After entry of judgment, due notice of appeal was given by both defendants. At the hearing before this Court it was announced that Forshee did not perfect his appeal and had abandoned the same.

The city of Sumter by 15 exceptions impute error and seek reversal. Exceptions 1, 2, 3 and 4, allege error in not directing a verdict asked for by appellant, and in an alleged erroneous charge to the jury. These exceptions are overruled. There was ample evidence to go to the jury for their determination, and his Honor's charge was applicable to the case and free from error.

Exceptions 5, 6, 8 and 9 are overruled as being without merit. Exceptions 6 and 13 raise, appellant's counsel say, the principal questions on this appeal, whether the verdict should be construed as a joint verdict for $425 and that sum can be satisfied by one payment of such sum; then the exceptions will fall, as they are based upon the contention of the respondent that each defendant must pay such sum. Appellants contend that his Honor should have passed on the motion to construe the verdict; that the objection went to the verdict itself, and not merely as to its form.

If the verdict was a joint verdict for $425, then it was objectionable only in form; but, if the jury meant to apportion an $850 verdict, then the objections went to the substance of the verdict. When the verdict was received, no objection was interposed to it until a motion for a new trial was made, after the jury had dispersed. Then his Honor was asked to construe it, which he declined to do, and we cannot say he was in error.

The complaint makes out a joint cause of action against both defendants, which resulted in the injury of the respond-

ent.   The facts show she was injured seriously.   The ver-
        dict of the jury found against each defendant $425.

2   This they had the right to do.   They had been sued
        jointly and severally, and the jury divided the dam-
age in equal parts.   They, by their verdict, found that the
respondent had been damaged in the sum of $850; that each
defendant should pay $425.   While the verdict is unusual,
no effort was made to correct it before the jury had sepa-
rated.   His Honor would have done so had he been requested
to find out just what the jury meant, and had the verdict
reformed.   The verdict, as it stands, is against each defend-
ant for $425.   The payment by one will not satisfy the
judgment as to the other.

    The defendant's counsel made no attempt to find out what
        the jury intended, and their objections come too late.

3   It was their business to clarify and ask for a correc-
        tion and reformation of verdict before the jury were
discharged.

    The exceptions are overruled.   Exception 15 is overruled.
Exceptions 1 and 2, as to the case settled for appeal, are
overruled as Forshee, at that time, was before the Court and
had not abandoned his appeal.

    All exceptions are overruled, and judgment affirmed.