12997

CAMPBELL v. HILL

(155 S. E., 273)

April, 1928.

*Messrs. Jas. H. Glenn* and *J. Gordon Hughes,* for appellants,

*Messrs. Gaston, Hamilton & Gaston* and *Hemphill & Hemphill,* for respondents,

October 9, 1930.

The opinion of the Court was delivered by Mr. JUSTICE CARTER.

This action, commenced in the Court of Common Pleas for Chester County, June, 1927, is a suit for damages for personal injuries to a minor, Worth Campbell, received while operating a picture machine in Dreamland Theatre, at Chester, S. C., alleged to be owned and operated by the defendants. At the time the action was begun, a warrant of attachment was issued, attaching the property of the said theatre. The attachment was issued upon an affidavit of F. L. Campbell, guardian *ad litem* for the minor, Worth Campbell, in which affidavit it is stated that the defendant, Roland G. Hill, is a non-resident and has an interest in the property in question. This statement in the affidavit furnished the real basis for issuing the attchment. The plaintiff, in his complaint, alleged that the defendant, G. H. Pruitt, was a resident of Chester County, and that the defendants, D. M. Eaves and L. D. Eaves, were residents of the county of Union. Immediately after the suit was begun, the defendants, G. H. Pruitt and L. D. Eaves, moved before his Honor, Judge J. K. Henry, to have the attachment vacated, principally upon the ground that the alleged non-resident, Roland G. Hill, had no interest in the said theatre or the property connected therewith. The motion was overruled and an order issued to that effect. From this order refusing to vacate the attachment, no

notice of intention to appeal was served within the specified period of ten days from the date of the filing of the same and was not served until about ten months thereafter. The defendants, D. M. Eaves, L. D. Eaves, and G. H. Pruitt, duly answered the complaint, but the defendant, Roland G. Hill, defaulted. Thereafter, the defendants moved before his Honor, Judge C. J. Ramage, for a change of venue, from the county of Chester to the county of Union, upon the ground that the defendant, G. H. Pruitt, was a resident of the county of Union, as well as the defendants, D. M. Eaves and L. D. Eaves, and that the defendant, Roland G. Hill, a non-resident of the state, had no interest in the property or other matters involved in the action. Upon considering the pleadings and the affidavits presented at the hearing, his Honor, Judge Ramage, refused the motion for a change of venue.

The case was tried at the April, 1928, term of said Court of Chester County before his Honor, Judge H. F. Rice, and a jury. At the conclusion of the introduction of testimony, the Court of its own motion, directed a verdict in favor of the defendants, Roland G. Hill and D. M. Eaves, upon the ground that there was no evidence of either of these defendants "having any interest in the property attached or anything to do with the injuries." The case was submitted to the jury as to the defendants, Mrs. L. D. Eaves and G. H. Pruitt, and the jury rendered the following verdict: "We find for the plaintiff Two Hundred and Fifty Dollars against Mrs. L. D. Eaves and Two Hundred and Fifty Dollars against G. H. Pruitt, actual damages. Four Hundred Dollars against Mrs. L. D. Eaves, punitive damages, and One Hundred Dollars against G. H. Pruitt, punitive damages."

Following the return of the verdict of the defendants, Mrs. L. D. Eaves and G. H. Pruitt, made a motion to set the verdict aside on the ground that the verdict was contrary to the weight of the testimony, and also upon the ground that the plaintiff's own contributory negligence or

willful act was the sole cause of the injury. The motion was refused. Immediately following the hearing of this motion and before entry of judgment on the verdict, these defendants, Mrs. L. D. Eaves and G. H. Pruitt, moved in open Court to vacate the attachment, "upon the ruling of the Court and the finding of the jury as to Hill and Eaves (D. M.)."

From the record it appears that the plaintiff objected to a hearing of this motion on the ground that the motion required four days' notice before it could be heard, and the trial Judge, his Honor, Judge Rice, sustained this objection and refused to hear the motion. Thereafter, on the same day, the defendants served notice of a hearing of the motion before Judge Rice at York, S. C., giving four days' notice. It appears that on account of sickness, Judge Rice was unable to be at York on the date named in the notice, and later, under Section 756, Vol. 1 of the Code, ordered the motion heard by his Honor, Judge Henry. Having heard the motion, Judge Henry issued an order, dated September 27, 1928, refusing the motion.

The record discloses that the defendants, Mrs. L. D. Eaves and G. H. Pruitt, served in the case three notices of intention to appeal to this Court. The first was served April 2, 1928, which was a notice of intention to appeal from the order of Judge Ramage refusing to order a change of venue from Chester County to Union County. The second notice was served April 21, 1928. This was a notice of intention to appeal from the judgment following the trial of the case had before Judge Rice and a jury, and was also notice of intention to appeal from Judge Henry's original order dated June 4, 1927. The third notice of intention to appeal was served September 29, 1928, and this was notice of appeal from Judge Henry's last order refusing the motion (transferred to him by Judge Rice for a hearing) to vacate the attachment upon the grounds stated in the notice, to which

we shall hereinafter advert. The exceptions will be considered in the order presented.

## EXCEPTION I

"1. That his Honor erred in refusing to vacate the attachment by his order dated June 4th, 1927; the error being, that the affidavit and attachment alleged the property attached to be partnership property and that some of the partners were residents of this State. The error further being that the affidavits showed the non-resident, Hill, to have no interest in the property attached."

In our opinion, there is no merit in the first alleged error under this exception. Partnership property in this State, in which a non-resident has an interest, is not immune from attachment because some of the parties having an interest therein are residents of this State.

The second error charged, as we understand, has reference to the first order issued by his Honor, Judge Henry, refusing to vacate the attachment. That motion was heard on affidavits, and the main question before his Honor was to determine whether or not the non-resident, Roland G. Hill, had an interest in the property attached. On the hearing of this motion, his Honor, Judge Henry, had before him affidavits in support of the contention of each party, and we cannot say his Honor made a wrong ruling at that time. In our opinion the exception should be overruled. We do not consider it necessary to consider the question raised with reference to notice of intention to appeal not having been served within the required time.

## EXCEPTION II

"2. That his Honor erred in refusing to grant motion of defendants for a change of venue in his order dated March 28th, 1928; the error being, that the defendants' affidavits conclusively showed that defendant, Pruitt, was not a resident of Chester County, but of Union County; the error

further being, that the affidavits conclusively showed that the non-resident defendant, Hill, had no interest in the property attached."

In our opinion, Judge Ramage properly refused the motion for a change of venue. There was ample proof before his Honor that one of the defendants, G. H. Pruitt, was a resident of the county of Chester, the county in which the action was instituted, and it was proper for the case to be tried in that county. This exception was overruled.

### EXCEPTION III

"3. That his Honor erred in charging the jury as follows: 'Now in this case you cannot find any damages against Mrs. Eaves unless you find it against Pruitt also. The actual damages, if you find any actual damages, you will have to find exactly the same against Mr. Pruitt and against Mrs. Eaves.'

" 'So that, as I say again, if you find any actual damages at all, you must find the same exactly against Mrs. Eaves.'

"The error being, that as to actual damages there could not be two separate verdicts for any amounts against the two defendants separately, but only one joint verdict for one amount against both defendants jointly."

In our opinion, the defendants were not prejudiced by the charge they complain of under this exception, and the exception is therefore overruled. For a discussion of the rule involved in the question intended to be raised under this exception, see the following cases: *Rhame v. City of Sumter et al.*, 113 S. C., 151, 101 S. E., 832; *Johnson v. A. C. L. R. Co. et al.*, 142 S. C., 125, 140 S. E., 443, 448.

### EXCEPTIONS IV, V, and VI

"4. That his Honor erred, in failing to grant the motion of the defendants for a nonsuit made on the ground that Pruitt was not a resident of Chester, but that his legal residence was in Union County; the error being, that the evi-

dence showed conclusively that while the defendant, Pruitt, was temporarily residing at Chester, that his legal residence had always been and still was at Union, in Union County, S. C.

5. That his Honor erred in refusing the motion of the defendants for a directed verdict made by them on the ground that the legal residence of G. H. Pruitt was in Union County and not in Chester County; the error being, that the evidence showed conclusively that G. H. Pruitt's legal residence was Union County and that he was only temporarily residing at Chester.

"6. That his Honor erred in refusing plaintiff's motion for a new trial and to set the verdict aside on the ground that the verdict was contrary to the evidence, in that the testimony showed conclusively that the legal residence of the defendant, Pruitt, was Union; the error being, that the evidence showed conclusively that Pruitt had been only temporarily employed in Chester; was, therefore, only a temporary dweller in Chester County and that his permanent or legal residence was Union County."

There was testimony adduced at the trial tending to substantiate the contention of the plaintiff that the defendant, G. H. Pruitt, was a resident of the county of Chester. Therefore, his Honor, the trial Judge, could not grant defendant's said motions, and properly submitted the case to the jury, and committed no error in refusing to set the verdict aside based on the same ground as the motions for a nonsuit and direction of a verdict.

## EXCEPTIONS VII, VIII, and IX

"7. That his Honor erred in refusing defendant's motion to vacate the attachment proceedings when made on April 13th, 1928; the error being, that it was the Court's duty of its own motion to vacate the attachment when it had been judicially determined on trial, that the non-resident de-

fendant, Hill, had no interest in the property and that the only ground of attachment never existed.

"8. That his Honor erred in requiring the defendants to give four days' notice of its motion to vacate the attachment after the trial Court had determined that the non-resident had no interest in the property attached; the error being, that it was the Court's duty to vacate the attachment when it was judicially determined that the ground of attachment did not exist, without motion or notice of motion.

"9. That his Honor erred in failing to grant the defendant's motion to vacate the attachment on September 27th, 1928, after the trial Court had judicially determined that the ground of attachment no longer existed; the error being, that at any time during the trial of a case, that it is judicially determined, especially upon actual trial by the Court and the jury, that the ground of attachment never existed, it is the duty of the Court, either of its own motion, or upon motion of a party to vacate an attachment proceeding when it is judicially determined, especially on trial, that the grounds of attachment stated in the affidavit do not exist."

When the first motion to dissolve the attachment was made, which was soon after the action was begun, the same had to be decided upon affidavits, and, as we have stated under our consideration of the first exception, we cannot say that his Honor, Judge Henry, made a wrong ruling under the showing made before him. The question of dissolution of the attachment depended upon whether of not the non-resident defendant, Roland G. Hill, had an interest in the property attached and whether or not he was in some way liable for the alleged injuries to young Campbell. The affidavits before Judge Henry on the hearing of that motion were conflicting and his Honor reached his conclusion as best he could from these affidavits, and, in effect, held that under the showing made he could not dissolve the attachment. When the case was tried before his

Honor, Judge Rice, and a jury, the same question was necessarily involved, to be decided, not on the affidavits used before Judge Henry, but upon testimony taken in open Court in the trial of the case on its merits. Certainly the defendants, Roland G. Hill and D. M. Eaves, could not be held in the case unless they had some interest in the attached property and were in some way connected with the injuries of the plaintiff, Worth Campbell. When the testimony was all in, Judge Rice, in effect, held that these defendants, Roland G. Hill and D. M. Eaves, had no interest in the attached property and no connection with the injuries to the plaintiff. His Honor, therefore, properly directed a verdict in behalf of these two defendants. When Hill went out of the case the attachment fell, for the reason that the attachment was issued solely upon the theory that he (the nonresident defendant) was in some way responsible, along with the other defendants, for the plaintiff's injuries, and that he owned an interest in the property attached. All of the other defendants were alleged and admitted to be residents of this State, and the complaint contained no allegation that would support an attachment in this cause against them. Therefore, having directed a verdict in favor of the defendants, Roland G. Hill and D. M. Eaves, the next step in order was an order dissolving the attachment, and, in our opinion, it was not necessary for counsel to make a motion for that purpose, but that it was proper for his Honor, the trial Judge, to act on his own motion. Certainly, under our view of the case, it was not incumbent on counsel to give four days' notice before the motion could be heard. The introduction of the evidence, upon which the trial Judge acted in directing a verdict for Hill and D. M. Eaves, and the direction of the verdict took place in open Court upon the trial of the case. Therefore, the section of the Code, 756, Vol. I,. to which respondent refers, should have no application here. We think the motion to dissolve the attachment, made following the direction of a verdict and in open Court, should

have been granted, and that his Honor, Judge Rice, erred in not granting the motion.

Following the action of Judge Rice in refusing to pass upon the motion at that time and holding that counsel must give four days' notice of the motion, counsel for appellants, on that day, served notice on respondents' attorneys that he would move before Judge Rice, at York, S. C. (giving four days' notice), "for an order vacating the attachment herein and dissolving and releasing the attachment bond filed herein on the part of and in behalf of the defendants." The grounds for the motion were stated in the notice as follows:

"That it appears from the affidavit upon which the attachment was granted, that the sole ground of seeking an attachment was that a non-resident defendant, Roland G. Hill herein, had an interest in the Dreamland Theatre, situate at Chester, Chester County, S. C.

"That on trial of the above-stated case on its merits had at Chester, S. C., on April 5th and April 6th, 1928, with his Honor, Judge H. F. Rice, presiding Judge, it was determined by the Court and by the jury trying the case, that the defendant, Roland G. Hill, had no interest in the property attached, as alleged in the attachment affidavit, as aforesaid. That by reason of the fact that it was determined on the trial of the above-stated case on its merits that the allegations under which the attachment was issued were untrue, this being a jurisdictional question, the defendants are now entitled upon such determination having been made, to have the attachment vacated and defendants' bond dissolved and released.

"That these defendants immediately upon this fact being judicially determined on trial of the lack of any interest of the non-resident defendant, Hill, in the attached property, and before judgment is entered, ask that the presiding Judge grant an order vacating the attachment and dissolving and releasing the attachment bond herein filed by the defendants."

After the service of this notice, Judge Rice not being able, on account of sickness, to hear the motion, under the provisions of the Code the hearing was had before his Honor, Judge J. K. Henry.

The record bears out the statement of facts set forth in the grounds of the motion, and under our view of the case the motion should have been granted. In our opinion the position of the respondent, that the matters involved in the motion had been adjudicated in the order theretofore issued by Judge Henry in refusing the motion to dissolve the attachment, made soon after the commencement of the action, is not well taken. That motion was decided upon affidavits, and as stated, we cannot say that his Honor made a wrong ruling in refusing to dissolve the attachment at that time.

The motion now under consideration was made and based upon the grounds and facts set out in the notice which we have quoted above, which grounds and statement of facts are fully supported by the record in the case. In our opinion the matter was not *res adjudicata*, and we think that his Honor, Judge Henry, erred in so holding. As we view the case, Judge Henry erred in not granting appellant's motion.

Exceptions 7, 8, and 9 are therefore sustained, the attachment herein vacated, and the attachment bond filed on the part of the defendants dissolved. In all other respects the judgment is affirmed.

MR. CHIEF JUSTICE WATTS, and MESSRS. JUSTICES COTHRAN, BLEASE and STABLER concur.