Ernst MAHLER, Jr., Plaintiff,

v.

James Francis DRAKE, III, a minor over the age of fourteen (14) years, and James Francis Drake, Jr., and Herbert Coleman Strickland, Defendants.

Civ. A. No. AC–1654.

United States District Court
D. South Carolina,
Columbia Division.

Aug. 28, 1967.

Cooper, Gary, Nexsen & Pruet, Columbia, S. C., for plaintiff.

Roberts, Jennings & Thomas and Sidney D. Duncan, Columbia, S. C., for James Francis Drake, III, and James Francis Drake, Jr.

Burroughs & Green, Conway, S. C., for defendant Herbert Coleman Strickland.

## ORDER

HEMPHILL, District Judge.

Ernst Mahler was injured while riding as a passenger with Herbert Strickland when Strickland and James Drake, III, collided. Mahler brought an action against Strickland, James Drake, III, and James Drake, Jr., who is the father of James Drake, III, and the owner of the car involved in the accident.

The verdict form submitted to the jury contained the following alternative:

We, the Jury find for the plaintiff, and against _____ the sum of _____ ($_____) Dollars, as actual damages, and against defendant _____ the sum of _____ ($_____) Dollars punitive damages, and against defendant _____ the sum of _____ ($_____) Dollars punitive damages, and against defendant _____ the sum of _____ ($_____) Dollars punitive damages, this _____ day of January 1967.

There is one blank for actual damages and three for punitive damages in accord with the general understanding of court that only punitive damages could be apportioned among joint tort-feasors. It was intended that the jury would insert the names of the defendants against whom it found in the first blank which relates to actual damages.

In retrospect the shortcomings of the form are quite apparent and a valuable lesson has been learned.

The jury rendered its first verdict on the form thusly:

We, the Jury, find for the plaintiff as against Herbert Coleman Strickland the sum of $25,000.00 as actual damages; and against defendant James Francise Drake, III, and Jr., the sum of $5,000.00 actual damages; and against defendant Herbert Coleman Strickland the sum of $25,000.00 punitive damages; and against defendant James Francis Drake, III, and Jr., the sum of $20,000.00 punitive damages, this 19th day of January, 1967.

Signed Hubert M. Snyder, Foreman.

Counsel for Strickland objected to the form of the verdict on the grounds that it was not responsive to the forms submitted to the jury; that the forms had no provision for the apportionment of actual damages.

At that time counsel for the plaintiff stated that he thought apportioning actual damages was permitted in South Carolina but that he feared apportionment could not be done unless specific instructions had been given.

Counsel for the Drakes took the position that the verdict was improper and unresponsive but that the court could not properly resubmit it to the jury.

The court then resubmitted the verdict form to the jury, over objections, with the following instructions:

If you find that the plaintiff has proved an entitlement to actual damages as against one or more of the defendants who have acted in a joint or co-operative or combining or contributing way to proximately cause the injury to plaintiff then you can't apportion the actual damages because I had not charged you that you could apportion it, and I had not been requested to charge that. And there is objection to apportioning actual damages. So I have to ask you to go back and reconsider whether you would assess actual damages as against one or both—one or more defendants, if more than one, if you find actual damages they should be the same as to all.

Strickland's motion for a mistrial at this time was denied.

The jury returned the verdict in the following form:

We, the Jury find for the plaintiff, as against Herbert Coleman Strickland the sum of Twenty Five Thousand ($25,000) Dollars, as actual damages, and against defendant James Francis Drake, III and Jr. the sum of Twenty Five Thousand ($25,000) Dollars actual damages, and against defendant Herbert Coleman Strickland the sum of Twenty Five Thousand ($25,000) Dollars punitive damages, and against defendant ~~James Francis Drake, III & Jr.~~ the sum of ~~Twenty Thousand ($20,000)~~ Dollars punitive damages this 19th day of January 1967. Signed Hubert M. Snyder, Foreman.

A request that the jury be polled to ascertain the meaning of the verdict was refused.

Judgment was entered as follows:

It is Ordered and Adjudged that the plaintiff, Ernst Mahler, Jr., recover of the Defendant, Herbert Coleman Strickland, the sum of Twenty-Five Thousand ($25,000.00) Dollars actual damages and the sum of Twenty-Five Thousand ($25,000.00) Dollars punitive damages.

It is further Ordered and Adjudged that the plaintiff, Ernst Mahler, Jr.,

recover of the defendants, James Francis Drake, III and James Francis Drake, Jr., the sum of Twenty-Five Thousand ($25,000.00) Dollars actual damages.

The Drakes now move for judgment notwithstanding the verdict or for a new trial or for an order amending the judgment as entered to reflect the court's interpretation of the verdict as it was expressed at the trial.

Mahler moves for reinstatement of the first verdict or, alternatively, that the second verdict be clarified by affidavits of jurors and allowed to stand.

Strickland moves for a new trial or a new trial nisi or for an order reforming the judgment so as to interpret it as a verdict for $25,000 actual damages jointly against all defendants.

After the second verdict was taken the comment was made by the court in response to an inquiry regarding the verdict, that the court understood the verdict as being one for $25,000 actual damages against the defendants, all of them, jointly and $25,000 damages against Strickland as punitive damages. The Drakes and Strickland have alternatively moved to reform the judgment to reflect this smaller total award. I intend to consider the merits of this motion among the others in disposing of this matter, however in view of the plaintiff's motions I shall consider the matter governed by the law as I have read it after reflection and not as I may have considered it on first hearing immediately after the jury rendered the verdict.

It is beyond question that the plaintiff has tried his case and has received a favorable jury verdict on his claim. The alternatives which are posed by the motions before the court are reinstating the first verdict; enforcing the judgment as it is; reforming the judgment to a joint verdict for $25,000 actual damages and $25,000 punitive damages against Strickland; and having a new trial. The burden of having a new trial

is obvious. In Johnson v. Atlantic Coast Line R. Co., 142 S.C. 125, 140 S.E. 443 (1927), Mr. Justice Blease made the following comment which emphasizes the burden which would be placed on the plaintiff by trying the case again:

It must be acknowledged that frequent mistrials have a tendency to discourage those who believe in the greatness of jury trial and who desire an early conclusion to litigation. It is also a well-recognized condition that in our system of jury trial, where the verdict of twelve men must be unanimous, the defendant has a decided advantage in procuring a verdict in his favor or a mistrial in a cause. All the twelve men on the panel must agree, not only that the plaintiff is entitled to recover, but they must be unanimous as to the amount he should receive, before the plaintiff can win his cause. If one juror insists that the defendant should have a verdict in his favor, or if he stands out for a sum unreasonably small in favor of the plaintiff, for either actual or punitive damages, he may force a verdict which meets his views and is to the interest of the defendant, or bring about a mistrial in the action.

Although it is generally held at common law that actual damages may not be apportioned among joint tortfeasors, South Carolina has since White v. M'Neily, 1 Bay (S.C.) 11 (1784), subscribed to the doctrine that they may be. See Lide, Some "Uniques" in South Carolina Law, 1 S.C.L.Q. 209 (1949). In White v. M'Neily the jury returned verdicts against three defendants who had, in league with British followers, plundered the plaintiff's plantation house. The verdicts were 400 pounds against M'Neily and 200 pounds and 100 pounds against the two others respectively. The reporter noted that the decision was discussed as being a deviation from the common law rule of joint trespassers, however it was accepted for the merit of tending to prevent a multiplicity of suits and that of allowing the jury to

assess damages against several defendants according to his degree of culpability. The authorities submitted by the plaintiff [1] show that the rule has not since been ardently embraced, that the court has been quick to avoid a direct confrontation with it,[2] but that lip service at the very least is paid to it [3] and as a matter of practical result, apportioned actual damages are allowed to stand.

█ I do not read the cases as teaching that this apportionment can be made only after a specific instruction from the judge. To the contrary the cases largely arise from verdicts rendered in the absence of such an instruction. See White v. M'Neily, 1 Bay (S.C.) 11 (1784).

Under the authorities above, the first verdict in this case was not objectionable either as to form or substance and it should have been given effect. The plaintiff has moved to reinstate that verdict on the ground that it was a valid verdict as it was written. The plaintiff further argues that the Drakes objected to the taking of the second verdict so that they cannot now be heard to complain about reinstating the first verdict; that the verdict and judgment in either event will be the same against Strickland so that Strickland cannot object to reinstating the first verdict.

█ After reflection I am of the opinion that the first verdict was entitled to be given force under law. The fact that the jury altered the typed form supplied to them in order to submit the verdict that they had agreed upon does not of itself impair or void their verdict as they framed it. Supplying the form is a gratuitous undertaking by the court which is done to assist the jury and facilitate their communication of the verdict. The form is not an instruction of law. "The responsibility of returning a true verdict rests with the jury, and it is a matter of accommodation, and not a legal requirement, that the trial judge supply the jury with the proper forms in any given case. Any words which convey the meaning and intention of the jury are usually deemed to be sufficient. So long as the verdict manifests the intention and findings of the jury upon the issues submitted to them, it will not be overthrown because of defects of form merely. Certainly irregularities in the form of a verdict which do not affect the merits of the controversy constitute no ground for reversal of the judgment based upon the verdict." 53 Am.Jur. Trial, Section 1035.

Even if the rule were in force that damages could not be apportioned, the result would not be changed once the verdict was written. In Ohio Valley

1. Deese v. Williams, 237 S.C. 560, 118 S. E.2d 330 (1961); Mulliken v. Southern Bleachery & Print Works, 184 S.C. 449, 192 S.E. 665 (1937); Thomas v. Southern Grocery Stores, 177 S.C. 411, 181 S. E. 565 (1935); Smith v. Singleton, 27 S.C.L. 184 (1841); Bevin v. Linguard, 1 Brev. (S.C.) 503 (1805); White v. M'Neily, 1 Bay (S.C.) 11 (1784).

2. See e.g. Deese v. Williams, 237 S.C. 560, 118 S.E.2d 330 (1961); Rhame v. City of Sumter, 113 S.C. 151, 101 S.E. 832 (1920).

3. In Jenkins v. Southern Ry. Co., 130 S.C. 180, 125 S.E. 912 (1924), it was regarded as follows: "[h]owever much the departure from the rule of the common law may be regretted, it has been too firmly adhered to to be now abandoned." It is debatable whether the rule has been as firmly adhered to as suggested. The later cases are usually based on the joint wrongdoing of masters and servants. Other cases are decided on the basis of waiver for example, e.g. Deese v. Williams, 237 S.C. 560, 118 S.E.2d 330 (1961). That case may have contained an oblique invitation to challenge the rule:

"Notwithstanding the fact that the unique rule laid down in White v. McNeily has been generally recognized by the Bench and Bar as the settled law of this State, appellant says it is unsound and illogical and should no longer be followed. But the question as to whether the foregoing decision and those following it should be overruled at this late date need not now be decided." 118 S.E.2d at 334.

Bank v. Greenebaum Sons Bank & Trust Co., 11 F.2d 87 (4th Cir. 1926), Judge Parker refused to disturb separate verdicts, saying:

> We agree with the defendants that there was error in receiving the verdict which apportioned between the defendants the liability for their joint wrong; but we think that it was error of which only the plaintiff could complain. Joint tort-feasors have no right to determine whether they shall be jointly or severally sued for their wrong. This right rests with the party aggrieved. If he elects to sue them jointly, he is entitled to a verdict responding to his allegations, so that he may have judgment for his entire damages against both of the wrongdoers. And in this case, if the plaintiff had moved to set aside the verdict and for a new trial, the motion should and in all probability would have been granted. *But the defendants cannot complain, for the simple reason that they have not been hurt. As a result of the apportionment each has been subjected to a smaller judgment than would have been entered against him if a joint verdict has been returned.* Id. at 90.

\* \* \* \* \* \*

In the case at bar there was no real dispute as to the damages sustained by plaintiff nor as to the fact that if there was fraud both defendants were liable for it. The only question was whether the defendants were guilty of the fraud. *The jury found that question against the defendants, and defendants were benefited and not injured by the fact that the jury so apportioned the damages as to render against each a verdict for a less sum than was justified by the undisputed evidence as to damages.* The rule seems well settled that a judgment will not be reversed for error in a verdict whatever its character if it is not prejudicial to appellant. (Emphasis added). Id. at 91.

Accord Hooks v. Vet, 192 F. 314 (5th Cir. 1911). See Seibrand v. Gossnell, 234 F.2d 81 (9th Cir. 1956).

The second verdict, which was returned after the instruction that actual damages could not be apportioned, is subject to two interpretations: that actual damages were apportioned anyway or that a joint judgment for actual damages was written but in an erroneous form. The first alternative—an apportionment would under the principle of White v. M'Neily yet not clearly be unacceptable. The second alternative—an erroneously written joint verdict—would run afoul of the decision in Ohio Valley Bank v. Greenebaum Sons Bank & Trust Co. The supplemental instruction, moreover, was not a proper instruction in the premises under the White v. M'Neily doctrine.

None of these problems are involved in the first verdict. It is clear and it requires no construction, and the plaintiff was entitled to it. The first verdict, in the form returned by the jury, should be reinstated because it was proper in South Carolina and, over the objection of counsel for the Drakes, it was improper to resubmit the issue to the jury. Regardless whether it was proper or not however, in this Circuit, under the *Ohio Valley Bank* case, the defendants Drakes, Jr. and III would be liable to the plaintiff for $25,000 and the defendant Strickland will be liable to the plaintiff for $50,000, no matter which verdict is entered.

I therefore order that the first verdict be reinstated and that the Clerk shall correct the judgment as entered to conform with the first verdict.

And it is so ordered.