18850

Charles E. ROURK, a Minor by his Guardian *ad Litem*, J. F. Rourk, Appellant, v. Kathryn SELVEY and John H. Keller, Respondents

(164 S. E. (2d) 909)

*Messrs. Hans F. Paul,* and *George E. Campsen, Jr.,* of Charleston, *for Appellant,*

*Messrs. Young, Clement & Rivers,* of Charleston, *for Respondent, John M. Keller,*

December 12, 1968.

BRAILSFORD, Justice:

The plaintiff sustained personal injuries in a collision between automobiles operated, respectively, by the defendants Kathryn Selvey and John H. Keller. He sued both drivers, alleging that his injuries were caused by the joint and concurrent negligence and recklessness of both in the operation of their respective automobiles.

At the request of the defendant Keller, and over the plaintiff's timely objection, the trial judge instructed the jury that they might apportion the damages between the defendants according to the degree of their culpability. The jury returned a verdict for $45,000.00 actual damages against Selvey and $5,000.00 actual damages against Keller. On this appeal by plaintiff, the primary issue is whether the court erred in granting the foregoing instruction.

The facts are not stated, but it is stipulated "that there was sufficient testimony to create a jury question as to the actionable negligence and recklessness on the part of both Defendants combining and concurring as a proximate or contributing proximate cause of Plaintiff's injuries." This stipulation clearly implies the typical case of a collision between automobiles contributed to by the negligence of both drivers, which causes personal injury to a third person. In such a case, the negligence of each driver is a proximate cause of inherently indivisible injuries. Both wrongdoers are jointly and severally liable for the entire

harm, and plaintiff has the election of suing one or both. Upon recovery of a judgment against both, plaintiff may, at his election, collect the full amount from one. However, he is entitled to only one recovery, and the collection of a judgment against one wrongdoer extinguishes any claim against the other. Prosser on Torts, Sec. 42 (3d ed. 1964); 39 Am. Jur., Parties, Sec. 40, at page 910; *Smith v. Singleton,* 2 McMul. (27 S. C. L.) 184 (1842); *Pendleton v. Columbia Ry., Gas & Elec. Co.,* 133 S. C. 326, 131 S. E. 265; *Fleming v. Arkansas Fuel Oil Co.,* 231 S. C. 42, 97 S. E. (2d) 76; *Crowe v. Domestic Loans, Inc.,* 242 S. C. 310, 130 S. E. (2d) 845.

We quote from the *Pendleton* case, *supra*:

"That a single injury, which is the proximate result of the separate and independent acts of negligence of two or more parties, subjects the tort-feasors, even in the absence of community of design or concert of action, to a liability which is both joint and several, is a proposition recognized and approved in this state and supported by the great weight of authority elsewhere. (Citations omitted.) Since the liability of such tort-feasors is both joint and several, it is well settled that the law gives to the injured party the option of suing two or more of the parties liable jointly; that is, as defendants in one action, or of suing each upon his several liability in a separate action. * * *" 133 S. C. at 331, 131 S. E. at 267.

As permitted by the instruction complained of, the jury, while assessing plaintiff's damages at $50,000.00, limited his recovery against one wrongdoer to ten per cent of this sum. Unless he prevails on this appeal, plaintiff will be saddled with this limitation on his right of recovery against Keller even though the damages assessed against the other wrongdoer prove to be uncollectible in whole or in part. Such a result would be unjust to plaintiff and manifestly inconsistent with his entitlement, on reason and authority, to pursue either tort feasor for the full amount of his damages.

It should not be tolerated unless some compelling reason therefor exists.

The law elsewhere clearly forbids apportionment in this situation. However, for many years the bench and bar of this state have assumed that apportionment of damages among joint tort feasors, according to the jury's view of the degree of their culpability, is allowable under our law. We have granted plaintiff permission to criticize the precedents upon which this assumption rests. We must decide whether they are to be given controlling application here.

The late, distinguished jurist, Lanneau D. Lide, referred to the doctrine of apportionment of damages between joint tort feasors in South Carolina jurisprudence as "really unique," and criticized it as "a rule which scarcely seems logical in view of the general principle that the injured party may sue one or more of the joint tort feasors for his entire damages; and moreover, there is no contribution between joint tort feasors." 1 S. C. L. Q. 209, 214 (1949). He cited as authority for the rule one of the earliest reported cases in this state, *White v. M'Neily,* 1 Bay (1 S. C. L.) 11 (1784), which was tried shortly after the end of the Revolutionary War. This was an action in trespass against three defendants who, in company of a group of Tories, entered plaintiff's plantation and plundered it of certain livestock and furnishings. The jury awarded a verdict for 400 pounds against one defendant, 200 pounds against another and 100 pounds against a third. There was no appeal. We quote what is obviously a comment of the reporter:

"As this was the first case of trespass after the war, in which a jury severed and apportioned damages, it was at first doubted as a deviation from the old common law rule of joint trespassers, who being all equally guilty in the eye of the law, it was supposed jury could not sever. But afterwards, upon mature consideration, the point was given up, as it would be the means of preventing a multiplicity of suits, and at the same time put it in the power of the jury, to ap-

portion at once the quantum of damages, agreeable to the degree of guilt of each trespasser. And it has since been relied on as a precedent." 1 Bay at 12.

This case was tried at Georgetown in April, 1784, and Volume 1 of Bay's Law Reports was published in 1809. We quote a note appended to the report of the case, in which the criterion stated for apportionment is at material variance from that stated in the above quotation:

"N. B. This case has been relied upon ever since the determination at said town, and the principle of severing damages in joint actions according to the degree of injury committed by each defendant, and his ability to make compensation, has been sanctioned by the judges, as a correct and just one in all similar cases, down to the present day. It may, therefore, be considered as part of the common law of South Carolina. See the case of ———————— v. Mary Lingard and others, vol. 2." [1] 1 Bay at 12.

Almost back to back with the report of this decision is that of *Whitaker v. English,* 1 Bay (1 S. C. L.) 15 (1784), which involved a similar trespass by a band of soldiers, including the sole defendant, an American who was serving with the British militia. The court held the defendant liable to the full extent of the damage. We quote from the report:

"GRIMKE, J., held that in treasons and trespasses, the highest and lowest offences, there are no accessaries or subordinate offenders. All are principals; and wherever men go to do an unlawful act of this kind, all and every of them are liable to the full extent; though where several are sued, a jury may apportion as they think just and proper. (a) It is immaterial to what purpose the goods were applied; the injury to the deceased's estate was the only point for the consideration of the jury.

"(a) See the case of *White v. M'Neily* and others, *ante,* page 11."

---

[1] Apparently, Bevin v. Linguard, 1 Brev. (3 S.C.L.) 503 (1805).

It seems likely that the interpolation as to apportionment in the above quotation resulted from the reporter's preoccupation with this subject rather than that it was a comment of the court to the jury. At any rate, the statement that a jury may apportion is *obiter dictum* and is opposed to the sound instruction on which the issue of damages was submitted by the trial judge.

The apportionment doctrine was first considered by an appellate court in *Bevin v. Linguard,* 1 Brev. (3 S. C. L.) 503 (1805). The action was in trespass on facts similar to those involved in the *White* and *Whitaker* cases, *supra.* The jury returned "a verdict for $500.00, to be paid, so much by one defendant, so much by another." The defendants moved for a new trial upon the ground that "the jury could not award several damages, as the defense was joint." The motion was heard and refused by the Constitutional Court, at Charleston, in May, 1805, apparently without a written opinion. We quote from the report:

"The court (WATIES, BAY, BREVARD, and WILDS, Justices), were of opinion that the verdict ought not to be set aside: 1st. Because, if the objection to its being a finding of several damages, against defendants jointly charged, and found jointly guilty, could be supported, yet the apportionment of the damages might be rejected as surplusage, and the finding of a gross sum by the verdict. which is afterwards apportioned, might be considered as joint damages. 2d. Because the jury, upon such joint charge, may find the defendants jointly guilty, and yet apportion the damages according to their different degrees of guilt. This appears to have been the practice in this country for a long time past; and it has not been found upon experience, productive of any mischief or inconvenience; nor is it contrary to any principle of law. * * *" 1 Brev. at 504.

We observe that the motion might just as well have been denied upon the ground that the moving parties had no standing to complain of the verdict, which held each of them

to liability for only a part of the entire damages which plaintiff was entitled to recover from either or all of them.

In *Smith v. Singleton,* 2 McMul. (27 S. C. L.) 184 (1842), the court refused to extend the doctrine of the *White* case, which it referred to as a departure, of very questionable wisdom, "from the English rule, that in a joint action of trespass the jury cannot sever in their damages."

In *Boon v. Horn,* 3 Strob. (34 S. C. L.) 159 (1848), an action for trespass to the person, the jury awarded $5.00 against each of eight defendants. Apportionment was not challenged on appeal, which was from the refusal of costs to the plaintiff. The opinion is of interest only because of the court's repeated recognition that the allowance of apportionment was at variance with general law. The opinion refers to the verdict as having been so shaped "according to the liberality given by our peculiar practice."

With the exception of a line of cases involving apportionment of damages in *respondant superior* actions against a master and servant, [2] which are not in point and will not be reviewed, the only other decisions involving this question which have come to our attention are *Rhame v. City of Sumter,* 113 S. C. 151, 101 S. E. 832, and *Deese v. Williams,* 237 S. C. 560, 118 S. E. (2d) 330.

In the *Rhame* case, a plumber had left an open ditch, and plaintiff was injured when an automobile ran into it. The jury awarded a verdict of $425.00 against the City and $425.00 against the plumber. The verdict was received without objection, and after the jury was discharged the City moved that the court construe it as authorizing the entry of a joint judgment against both defendants for $425.00. This, the court refused to do, and the City appealed, principally upon the ground that the verdict should be construed as a joint verdict for $425.00. The Court held that by their ver-

---

[2] See *Jenkins v. Southern Ry.,* 130 S. C. 180, 125 S. E. 912; *Johnson v. Atlantic Coast Line R. R.,* 142 S. C. 125, 140 S. E. 443; *Thomas v. Southern Grocery Stores,* 177 S. C. 411, 181 S. E. 565; *Mullikin v. Southern Bleachery & Print Works,* 184 S. C. 449, 192 S. E. 665.

dict the jurors fixed plaintiff's damages at $850.00, and found that each defendant should pay $425.00. While the court assumed that the jury had the right to thus apportion the damages, the verdict was not challenged on this ground, and the case may not soundly be regarded as an authority for apportioning damages. The plaintiff, who alone could have been prejudiced by the severance, did not appeal. Furthermore, in *Deese v. Williams, supra,* 237 S. C. 560, 118 S. E. (2d) 330, the *Rhame* case was construed as having turned upon the point that any error in the verdict was waived by failure to object before the jury was discharged.

In the *Deese* case, plaintiff recovered an apportioned verdict against the South Carolina Highway Department and a trucker for injuries arising out of a three-vehicle collision. On appeal, the department challenged the apportioned verdict as being illogical and requested that *White v. McNeily, supra,* 1 Bay (1 S. C. L.) 11 (1784), and kindred decisions, be reviewed and overruled. The court, assuming for the purposes of the decision that apportionment of damages was unwarranted, held that the highway department had waived the point by failing to object before the jury was discharged. As already stated, the *Rhame* case was cited as sustaining this position.

From this review of the decisions, which, so far as we are aware, include all touching upon the point, save those cited in footnote 2, it will be seen there is, in, fact, scant authority for the doctrine allowing apportionment of damages among joint tort feasors, which has been regarded as settled law in this state. An apportioned verdict has been sustained only in *White v. M'Neily,* 1 Bay (1 S. C. L.) 11 (1784), *Bevin v. Linguard,* 1 Brev. (3 S. C. L.) 503 (1805), and *Rhame v. City of Sumter,* 113 S. C. 151, 101 S. E. 832, again disregarding the master and servant cases cited in the footnote.

The defendant is clearly not entitled to *stare decisis* application of the *White* case, the report of which consists

merely of the non-contemporary comments of the reporter on the decision of a trial court.

The defendant's motion for a new trial in the *Bevin* case was heard at Charleston by the Constitutional Court. The authority of this decision is weakened by several considerations: (1) The jury found a general verdict for the full amount of plaintiff's damages and sought to apportion by superadded words, which could have been stricken as surplusage if plaintiff had been aggrieved thereby. (2) The objection was strictly to the form of the verdict, and it does not appear that relief was sought before the jury was discharged. (3) The motion was by a defendant, who suffered no prejudice and had no standing to complain. (4) Perhaps most important, there was no challenge to the apportionment doctrine as such. The error assigned was that "the jury could not award several damages, as the defence was joint." (Emphasis added.) The ground implies the soundness of the doctrine and urges an exception to it, which the court disallowed because, in the concluding words of the opinion, "a point (*sic*) plea may be considered as several, as well as joint, in order to the attainment of justice." I Brev. (3 S. C. L.) at 505.

Furthermore, the *Bevin* case is distinguishable on its facts from the case at bar. The action was for beating the plaintiff in his dwelling house and for damage to the dwelling and furnishings. Plaintiff's injuries did not, as here, flow from a single impact. It does not appear that some rough approximation of the damage done by each defendant was, as here, impossible. The allowance of apportionment is not unusual where such an approximation may reasonably be made. Prosser on Torts, Sec. 42 (3d ed. 1964), Annot., 100 A. L. R. (2d) p. 16.

We have already stated our reasons for concluding that the *Rhame* case is not a binding precedent against sustaining plaintiff's appeal in this case.

For the first time in the history of this court, a plaintiff, burdened by the operation of this rule and having standing to impeach it, is here seeking relief. The rule is unjust and illogical because it deprives a plaintiff of the right to a verdict, for the full amount of damage sustained, against all wrongdoers whose actionable conduct has contributed as a proximate cause of indivisible injuries to him. We think that our review of the authorities demonstrates that we are not required by the doctrine of *stare decisis* to withhold the relief to which plaintiff is otherwise manifestly entitled. The judgment appealed from will be reversed for error in the instructions and a new trial granted.

Plaintiff would have us construe the verdict as an award of $50,000.00 against both defendants and authorize the entry of judgment accordingly. This, we may not do. Here, there is no general verdict from which unnecessary and unwarranted verbiage might be stricken as surplusage, as in *Bevin v. Linguard,* 1 Brev. (3 S. C. L.) 503 (1805) *supra.* Here, the only damages awarded were several, and the amount awarded against each defendant is of the essence of the verdict. The court can not properly order judgment entered against a defendant for an amount not found by the jury. *Ohio Valley Bank v. Greenebaum Sons Bank & Trust Co.,* 11 F. (2d) 87 (4th Cir. 1926). See generally Annotations, 8 A. L. R. (2d) 862, 872; 56 A. L. R. (2d) 213, 239.

The error was in the instructions to the jury and not in the verdict, and the only appropriate relief is a new trial.

Reversed and remanded.

Moss, C. J., and LEWIS, BUSSEY and LITTLEJOHN, JJ., concur.